385 So.2d 1038 (1980)
Erik JOHNSON, As Personal Representative of the Estate of Nancy M. Johnson, Deceased, Appellant,
v.
Robert G. MULLEE, M.D., and Aetna Casualty & Surety Company, Appellees.
No. MM-430.
District Court of Appeal of Florida, First District.
June 6, 1980.
Rehearing Denied August 8, 1980.
*1039 Edna L. Caruso, and Christian D. Searcy of Montgomery, Lytal, Reiter, Denney & Searcy, West Palm Beach, for appellant.
L. William Graham of Dell, Graham, Willcox, Barber, Ryals, Henderson & Monaco, Gainesville, for appellees.
McCORD, Judge.
This appeal is from a final summary judgment in a medical malpractice suit ruling that appellant's action is barred by the statute of limitations. We reverse.
The deceased and her husband Erik Johnson (now personal representative of the Estate of Nancy M. Johnson, deceased) began this action by filing a medical liability mediation claim for medical malpractice against appellee on November 29, 1976. The mediation panel found that appellee was not guilty of actionable negligence. Within 60 days of the conclusion of the mediation claim, the deceased and her husband filed a personal injury action against appellee. When Nancy Johnson died on January 3, 1978, appellant filed an amended complaint for wrongful death against appellee doctor and his medical malpractice insurer. The undisputed facts are as follows: On September 22, 1972, 26-year-old Nancy Johnson consulted appellee doctor for a breast examination. The doctor found "diffusely cystic areas" in Nancy's left breast but pursued no investigation into the nature of those lumps. Nancy next visited the doctor on March 1, 1973, to have him remove an IUD. He did not examine her breasts again at that time. On March 7, 1973, having noticed a discharge from her left breast, Nancy consulted her father, a surgeon, who, after examining her breast, performed a biopsy, and a subsequent radical mastectomy on March 12, 1973, after which his suspicion of malignancy was confirmed. Pathology reports on the removed tissues following the operation showed cancer of the breast with metastasis to three auxiliary lymph nodes. Thus, at that time, Nancy had actual knowledge of the alleged negligent failure of appellee doctor to diagnose her cancer, and of the metastasis of the cancer to her lymph nodes. No evidence of further metastasis beyond the lymph nodes was found prior to February 1975, when metastatic cancer showed up on a bone scan, and it was determined that the cancer had spread to the ribs and skull. Despite treatments and operations, Nancy died in January 1978 from the spread of metastatic breast cancer.
The trial court ruled that as a matter of law whatever cause of action Nancy had against appellee doctor for negligent failure to diagnose breast cancer accrued in March 1973 when the correct diagnosis was made and metastasis to the lymph nodes was discovered because at that time Nancy had notice of the alleged negligent act and of an allegedly resultant injury and consequent damage, although she may not have had actual notice of the ultimate extent of the injury and consequent damage until a later date. The court found that Nancy's cause of action was barred in March 1975 by the two-year statute of limitations for claims based upon medical malpractice. The court further found:

*1040 ... Under the provisions of section 768.19 and Florida decisionary law, a bar to the decedent's right to recovery for her personal injury had she lived will also bar any subsequent recovery for her wrongful death by her personal representative; and that since decedent would not have been entitled within the intendment of § 768.19 to maintain an action if death had not ensued, her personal representative has no statutory right of action for wrongful death.
The statute of limitations applicable to malpractice claims from July 1, 1972, to January 1, 1975, is contained in Florida Statutes 1973 and provides as follows:
95.11(6) WITHIN TWO YEARS.  ... an action to recover damages for injuries to the person arising from any medical ... treatment or surgical operation, the cause of action in such cases not to be deemed to have accrued until the plaintiff discovers, or through use of reasonable care should have discovered, the injury. (Emphasis added.)
The foregoing statute was amended effective January 1, 1975, by Chapter 74-382, Laws of Florida, to provide:
95.11(4) WITHIN TWO YEARS. 
(a) An action for professional malpractice, whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence. (Emphasis added.)
The statute as amended remained in effect until May 20, 1975, when by Chapter 75-9, Laws of Florida, a new amendment was adopted, which provides in pertinent part as follows:
(b) An action for medical malpractice shall be commenced within 2 years from the time the incident occurred, giving rise to the action, or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence ... [§ 95.11(4)(b), Florida Statutes 1975 (emphasis added).]
Appellee contends that the applicable statute of limitations was the one in effect in 1976 when decedent's claim in medical mediation was filed; that under that statute, decedent had a cause of action in 1973 in that she discovered the "incident" giving rise to the action in 1973 when she learned that appellee doctor had allegedly failed to diagnose cancer; that two years expired thereafter before the claim was filed. We disagree. The applicable statute was the one which was in effect from January 1, 1975, to May 20, 1975. It was during the effective period of that statute that decedent discovered her cause of action. It was in February 1975 that she first learned that the cancer had metastasized beyond the surgically removed portions. From the evidence presented, there is no basis on which to conclude that her cause of action should have been discovered with due diligence prior to that time. Although she had a basis for belief that appellee doctor was negligent in not discovering her cancer, the evidence is to the effect that, had he discovered the cancer at that time, she would have been required to undergo the same radical mastectomy, which she later had. At the time the radical mastectomy was performed, she had no cause of action against appellee doctor because there was no evidence that his alleged negligence had resulted in any harm to her. It was only in February 1975, when the cancer appeared in other parts of her body, that she discovered her cause of action. It was only then that she could have known she had been harmed by the alleged negligent diagnosis. From the evidence presented, appellant's claim was not barred under the statute in effect from July 1, 1972, to July 1, 1975, nor was it barred by the statute which was in effect from January 1, 1975, to May 20, 1975. Under the former, decedent's cause of action would not have accrued until she discovered, or through the use of reasonable care should have discovered the injury. Under the evidence as aforesaid, she did not discover, and through the use of reasonable care would not have discovered, the injury prior to February 1975. Under the latter statute, from the evidence presented, the *1041 cause of action likewise was not discovered and through the exercise of due diligence would not have been discovered until February 1975.
In City of Miami v. Brooks, 70 So.2d 306 (Fla. 1954), the Supreme Court stated the general rule as follows:
The general rule, of course, is that where an injury, although slight, is sustained in consequence of the wrongful act of another, and the law affords a remedy therefor, the statute of limitations attaches at once. It is not material that all the damages resulting from the act shall have been sustained at that time and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date. 34 Am.Jur. 126, Sec. 160, Limitation of Actions.
That rule stated in Brooks, which the court there also pointed out was applied in Cristiani v. City of Sarasota, 65 So.2d 878 (Fla. 1953), does not defeat appellant's contention that the statute here began to run February 1975. Here, as previously pointed out, there was no indication that decedent had sustained an injury as a result of the alleged negligence until that time. In Brooks, plaintiff was given x-ray treatment to her foot in 1944. Injury therefrom developed and first became known in 1949. While there the court pointed out that there was nothing to put plaintiff on notice of any probable or even possible injury prior to 1949, we do not consider such statement to be a controlling statement of the law. It is knowledge of injury which the court stated as the criterion under the general rule and not notice of probable or possible injury. In the case sub judice, while decedent may have had reason to believe that it was possible that her operation did not cure her cancer, she would have had no basis for then filing a lawsuit because she had no knowledge that the cancer had spread and, thus, no knowledge of injury.
Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976), relied upon by appellees is materially different factually from the case sub judice. There, the injury resulting from an operation upon plaintiff's infant child was known prior to the child's discharge from the hospital, but the plaintiffs contended that they had no reason to have knowledge of the alleged negligence for a considerable period of time thereafter. The case turned upon when the parents had cause to know of the negligence, and the court held that the parents had such cause when the negligence was readily ascertainable from hospital records which were available to them.
In the case sub judice, the statute of limitations which was in effect at the time of appellee's alleged negligent diagnosis and at the time of the radical mastectomy specifically provided that a cause of action would not be deemed to have accrued until the plaintiff discovers, or through the use of reasonable care should have discovered, the injury. It is significant that it provides for discovery of the injury and not discovery that there may be possible injury. The subsequent statute which was in effect at the time the bone scan revealed injury, provides that the period of limitation shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence. Here, since no injury was discovered until the bone scan and since there is no evidence that injury should have been discovered by decedent prior thereto with the exercise of due diligence, the cause of action likewise was not discovered until that time. The decedent could not have discovered a cause of action prior to discovering that she had been injured.
Reversed and remanded.
SHIVERS, J., and MASON, ERNEST E., Associate Judge (Retired), concur.