SCHWARTZ, Chief Judge,
(dissenting).
While it is of course true, as the majority states, that Megan’s parents were immediately aware that there had been an extremely difficult delivery, I think that this fact is essentially irrelevant. This is because there is surely a genuine issue — indeed, the evidence is overwhelming to this effect — that neither the Moores nor any of the medical professionals knew or could have known that the baby had sustained any significant injury, and specifically permanent brain damage, until it was scientifically ascertained shortly before suit was filed. I very strongly dissent from the conclusion, inherent in the summary judgment below and its affirmance here, that one is obliged as a matter of law to bring an action before there is a clear indication that damages have even been sustained. Such a holding will require the bringing of protective actions in every case in which a supposed medical misadventure may have occurred, on the off chance that an injury will subsequently manifest itself. I had thought that, particularly in this field, the policy of this jurisdiction was to discourage such lawsuits, not encourage them. In my view, the judgment below should be reversed. Johnson v. Mullee, 385 So.2d 1038 (Fla. 1st DCA 1980); see, School Board of Seminole County v. GAF Corp., 413 So.2d 1208 (Fla. 5th DCA 1982); Swagel v. Goldman, 393 So.2d 65 (Fla. 3d DCA 1981), and cases cited.