Wayne BENNETT, Plaintiff–Appellant,

v.

F. Payne HARDISON,
Defendant–Appellee.

Court of Appeals of Tennessee,
Middle Section.

Dec. 2, 1987.

Permission to Appeal Denied by
Supreme Court March 14, 1988.

Eugene Jared, Madewell & Jared, Ernest C. Onks, Jr., Onks & Associates, Cookeville, for plaintiff-appellant.

Diane M. Seagroves, William S. Russell, Russell & Russell, Shelbyville, for defendant-appellee.

OPINION

TODD, Presiding Judge, Middle Section.

The plaintiff, Wayne Bennett, has appealed from a summary judgment dismissing his suit against the defendant, F. Payne Hardison, a practicing dentist, for failure to inform plaintiff of the risks of dental surgery. The Trial Judge found that the plaintiff's suit was barred by the one year statute of limitations contained in T.C.A. § 29–26–116.

Issues presented by plaintiff are whether the summary judgment is correct and whether the "discovery rule" applies to actions based upon lack of informed consent.

Prior to February 24, 1984, plaintiff was treated by Dr. David Draper who referred him to Dr. Joseph Childress for x-rays. Thereafter, Dr. Draper referred plaintiff to defendant for removal of a wisdom tooth. On February 24, 1984, defendant removed the wisdom tooth under general anaesthesia. After the extraction, defendant informed plaintiff's companion that he would experience a temporary numbness because the extracted tooth was "laying against a nerve". The numbness was not temporary, but permanent. Plaintiff deposed that he would not have consented to the extraction if he had been informed of the possibility of permanent numbness.

Plaintiff also deposed that he did not learn that the numbness would be permanent until "around October, 1984", when Dr. Draper told him the numbness was permanent. This suit was filed on October 3, 1985.

Plaintiff insists that the one year statute did not begin to run until he was informed by Dr. Draper that the numbness was permanent. T.C.A. § 29–26–116(a)(2) provides:

In the event the alleged injury is not discovered within the said one (1) year period, the period of limitation shall be one year from the date of such discovery.

The foregoing is simply a statutory enactment of the "discovery rule" announced

in *Teeters v. Currey*, Tenn.1974, 518 S.W. 2d 512. Therefore decisions announced after *Teeters* and before enactment of the statute are equally applicable to cases involving the rule.

It is uncontroverted that plaintiff experienced the numbness immediately after the surgery and that the extent or effect of the numbness did not change from the date of inception until the date of suit. As stated above, defendant stated to the companion of plaintiff on the date of surgery that plaintiff would experience some temporary numbness. Plaintiff did not see defendant after the surgery, but Dr. Draper removed the stitches a week later and told plaintiff that nerve numbness was not an unusual result of the extraction performed by defendant. In October, 1984, Dr. Draper told plaintiff that, since the numbness had not subsided, it would be permanent.

Plaintiff's reliance upon the discovery rule is based upon the assumption that temporary numbness and permanent numbness are two entirely separate injuries or results, and that knowledge of temporary numbness is not knowledge of permanent numbness.

In *Security Bank & Trust Co. v. Fabricating, Inc.*, Tenn.1983, 673 S.W.2d 860, in discussing the one year statute of limitations on legal malpractice suits, the Supreme Court said:

It is clear, then, that, at least as of September 30, 1975, the bondholders knew that they had sustained an injury and were aware of the existence of their claim for malpractice.... A plaintiff cannot be permitted to wait until he knows all of the injurious effects as consequences of an actionable wrong. *Taylor v. Clayton Mobile Homes, Inc.*, Tenn. 1974, 516 S.W.2d 72. (673 S.W.2d at 864, 865).

In *Hoffman v. Hospital Affiliates, Inc.*, Tenn.1983, 652 S.W.2d 341, the Supreme Court reversed a dismissal of a medical malpractice case based upon the statute of limitations and said:

The "discovery rule' would apply only in cases where the plaintiff does not discover and reasonably could not be expected to discover that he had a right of action. Furthermore, the statute is tolled only during the period when the plaintiff had no knowledge at all that a wrong had occurred, and, as a reasonable person is not put on inquiry. (652 S.W. 2d 341 at 344.)

In *McCroskey v. Bryant Air Conditioning Co.*, Tenn.1975, 524 S.W.2d 487, the Supreme Court said:

... the cause of action accrues and the statute of limitations begins to run when the injury is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered. (524 S.W.2d at 491.)

In *Teeters v. Currey*, Tenn.1974, 518 S.W.2d 512, the Supreme Court said:

... the cause of action accrues and the statute of limitations begins to run when the patient discovers, or in the exercise of ordinary care and diligence for his own health and welfare should have discovered the resulting injury. (518 S.W. 2d at 517.)

Even though plaintiff may have been justified in accepting a brief period of numbness as a necessary incident of the surgery, absent evidence of some unusual cause for the delay, the defendant was not justified in delaying the "discovery" of the permanence of his injury from February 24, 1984, until "around October, 1984", a period of some 8 months. At some time during that 8 months, any reasonable person would have concluded that the brief, temporary numbness normally incident to oral surgery had outlasted its welcome and had become an unacceptable incident to the surgery. This is especially true because there is no evidence of any improvement in the numbness during the period. An improvement might have justified a wait for further improvement, but no improvement is shown; indeed, all of the evidence is to the contrary.

Under the uncontradicted facts in this record, this Court holds as a matter of law that, prior to October 8, 1984, plaintiff as a reasonable person should have realized that his numbness exceeded the perils of

which he was informed or which he reasonably should have anticipated, that the statute of limitations started running prior to October 3, 1984, and that the one year period of limitation expired prior to the filing of this suit on October 3, 1985.

This view of the case renders unnecessary any discussion of the issue presented in briefs as to whether the discovery rule applies to suits for battery based upon treatment without informed consent, and as to whether an injury may be split into temporary and permanent components for the purpose of preserving rights under the "discovery rule".

The judgment of the Trial Court is affirmed at the cost of plaintiff. The cause is remanded for any further proceedings which may be necessary and proper.

Affirmed and remanded.

CANTRELL and KOCH, JJ., concur.