IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

April 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

JOHN C. McCLELLAN, JR.,      ) C/A NO. 03A01-9708-CV-00343
and wife, SANDRA McCLELLAN,  )
                             ) KNOX CIRCUIT
        Plaintiffs-Appellants, )
                             ) HON. WHEELER ROSENBALM,
v.                           ) JUDGE
                             )
DR. LOWELL D. STANLEY, JR.,  )
DR. M.R. FLYNN and UNIVERSITY )
OF TENNESSEE HOSPITAL,       ) VACATED
                             ) AND
        Defendants-Appellees. ) REMANDED

DAVID W. BLANKENSHIP, Kingsport, for Plaintiffs-Appellants.

EDWARD G. WHITE, II and AMY V. HOLLARS, HODGES, DOUGHTY &
CARSON, Knoxville, for Defendants-Appellees, Lowell D. Stanley, Jr., M.D., and
M.R. Flynn, M.D.

O P I N I O N

Franks, J.

        In this medical malpractice action, the Trial Judge, responding to a

motion to dismiss on the ground that the action was barred by the statute of

limitations, dismissed the action.  Plaintiffs have appealed.

        The complaint alleges that on or about March 28, 1994, plaintiff

underwent an operation for "suboccipital craniectomy with excision of acoustic

neuroma".  The surgeon performing the operation was Dr. Lowell Dr. Stanley, Jr., and

M.R. Flynn was the anesthesiologist who assisted.  The procedure was done under

general anesthetic, and lasted in excess of twelve hours, during which a tumor was

removed, and there was "the usual compromise of the facial nerve and the plaintiff had facial palsy as a result of the surgery". It is further averred that on regaining consciousness, the plaintiff had immediate paralysis in the right arm and hand, and was informed by Dr. Stanley that the condition was temporary and "would, in fact, resolve with time". It is further alleged that the physician was negligent in the way and manner the surgery was performed, that no informed consent was obtained, and the surgery amounted to a battery upon plaintiff's person.

Responding to the motion to dismiss based on the running of the statute of limitations, plaintiff filed a detailed affidavit which states that prior to the surgery it was not explained to him that he would have any type of arm paralysis or potential "brachial plexus injury". He said:

> I continued to follow up with Dr. Stanley through the year 1995 and well into 1996 and early 1997. On each and every occasion that I saw Dr. Stanley, I was assured that the problems that I had with my arm was temporary and that it would clear with the passage of time. In fact, I have never been told by Dr. Stanley that anything went wrong in my surgery that caused my injury.

He further stated:

> In October 1996 I had an appointment with Dr. Stanley at his office in Knoxville, Tennessee, and he did not tell me that my hand and arm injury was permanent, but rather that it could be and might be due to placement. He told me to come back to see him for a recheck of these areas in six months. . . . I could not have discovered my injury was permanent, since Dr. Stanley was consciously misleading me. That is the reason that I have not specified a date as to when I reached the conclusion, since it was simultaneous with the filing of the lawsuit. At no time whatsoever during the course of my treatment with Dr. Stanley, up through and including the time of the filing of the lawsuit, did Dr. Stanley ever tell to me that my injury to my right arm and hand was permanent, and that it was caused by positioning in the operating room.

The Trial Judge considered all of the matters appended to the pleadings in reaching his judgment, and the motion thus was treated as a motion for summary judgment under Rule 12.02(6), Rules of Civil Procedure.

Summary judgment is appropriate if there are no disputed issues of

material fact and the defendants are entitled to a summary judgment as a matter of law. T.R.C.P. §56.03.

The movant must demonstrate that there is no genuine issue of material fact, and we review the evidence in the light most favorable to the plaintiff, drawing all reasonable inferences in their favor, and discard all countervailing evidence, *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). If the facts and conclusions to be drawn from the facts are such that a reasonable person would only reach one conclusion, summary judgment should be granted. *McClellan v. Delta Square Limited Partnership*, 937 S.W.2d 891, 894 (Tenn. 1996).

This action was filed on March 26, 1997, and for purposes of this appeal, the plaintiff's condition did not improve during this period of time, and the doctor repeatedly assured plaintiff that the condition was "temporary".

In order for plaintiffs to avoid the affirmative defense of the statute of limitations, they are required to offer evidence to bring their action "within the discovery rule". The Supreme Court in *Hoffman v. Hospital Affiliates, Inc.,* 652 S.W.2d 341 (Tenn. 1983), held that the discovery rule applies only in cases where the plaintiff does not discover and reasonably could not be expected to discover that he has a cause of action. A further limitation of the Rule's application, the Court said, was that the statute is tolled only during the period when the plaintiff "had no knowledge at all that a wrong had occurred, and as a reasonable person is not put on inquiry". P. 344.

Medical malpractice cases are subject to the one-year statute of limitations and three-year statute of repose provided in Tennessee Code Annotated §29-26-116. The discovery rule in this jurisdiction was codified in 1975 as part of the Tennessee Code Annotated §29-26-116(a)(2). *Stansbury v. Bacardi*, 935 S.W.2d 671 (Tenn. 1997). The statute provides that:

3

[i]n the event the alleged injury is not discovered within the said one-year period, the period of limitation shall be one (1) year from the date of such discovery.

The Supreme Court in *Stansbury* interpreting this statute said the statute of limitation commences to run when the plaintiff "discovers or reasonably should have discovered, (1) the occasion, the manner and the means by which a breach of duty occurred that produced injuries, and (2) the identity of the defendant who breached the duty".

The Supreme Court recently said in the case of *Shadrick v. Coker*, _____ S.W.2d _____ (filed February 17, 1998 in Nashville):

> The plaintiff may not, however, delay filing suit until all the injurious effects and consequences of the alleged wrong are actually known to the plaintiff. *Wyatt v. A-Best Company*, 910 S.W.2d 851, 855 (Tenn. 1995). Similarly, the statute of limitations is not tolled until the plaintiff actually knows the "specific type of legal claim he or she has." *Stansbury,* S.W.2d at _____, or that "the injury constitute[d] a breach of the appropriate legal standard, "*Roe v. Jefferson*, 875 S.W.2D 653, 657 (Tenn. 1994). Rather, as we have recently emphasized, the statute of limitations begins to run when the plaintiff knows or in the exercise of reasonable care and diligence, should know that an injury has been sustained as a result of wrongful or tortious conduct by the defendant. *Stanbury,* S.W.2D at ___; *see also Roe,* 875 S.W.2D at 657 ("[T]he plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct."). "It is knowledge of facts sufficient to put a plaintiff on notice that an injury has been sustained which is crucial." *Stanbury,* S.W.2D at ___. Such knowledge includes not only an awareness of the injury, but also the tortious origin or wrongful nature of that injury. *Hathaway v. Middle Tennessee Anesthesiology, P.C.,* 724 S.W.2D 355, 359 (Tenn. App. 198).

Taking the view of the record most favorable to the plaintiffs, as we are required to do, and allowing all reasonable inferences in their favor, we conclude there are disputed issues of material fact to be resolved by a trier of fact.

Defendants in their brief argue:

> "while plaintiff may have been justified in accepting a brief period of paralysis as a necessary incident of the surgery, certainly plaintiff was not justified in "delaying the discovery" of his injury for a period of some two years. Because the plaintiff in the exercise of reasonable care and diligence should have discovered his injury within only a few weeks or months of his surgery, his claim is barred by Tennessee Code Annotated §29-26-115(a).

Thus, defendants cannot point to the exact date the statute began to run. The only material factual change during the course of treatment was the elapse of time. At what time during the course of treatment with repeated assurances from the doctor would a reasonable person be put on enquiry? On this issue we believe reasonable persons can differ as to what point in time this would occur.

Defendants rely heavily on *Bennett v. Hardison*, 746 S.W.2d 713 (Tenn. App. 1987), citing the following language from that opinion:

> Even though plaintiff may have been justified in accepting a brief period of numbness as a necessary incident of the surgery, absent evidence of some unusual cause for the delay, the defendant was not justified in delaying the "discovery" of the permanence of his injury from February 24, 1984, until "around October, 1984", . . . At some point during that 8 months, any reasonable person would have concluded that the brief, temporary numbness normally incident to oral surgery had outlasted its welcome and had become an unacceptable incident to the surgery.

In *Bennett*, defendant dentist had advised the plaintiff that he would experience some temporary numbness. Plaintiff did not see the defendant after surgery, and was at a later date advised by another dentist that the numbness would be permanent. Unlike this case, the defendant made no continuing representations about the plaintiff's condition.

The plaintiff's doctors were in a fiduciary relationship with plaintiffs and treatment continued over the period of time involved, with continuing reassurances from the physician that the paralysis was temporary. If a patient is required to question his fiduciary's treatment and representations in order to protect the patient's rights, then the trust necessary between the doctor and patient for proper treatment and care is strained, at best, and at worst, destroyed. Admittedly, the lapse of time weighs in defendants' favor. However, we believe plaintiffs are entitled to have the trier of fact resolve this issue. *See* 61 Am.Jur.2d *Physicians, Surgeons, Etc.,* §167 p.295-9.

Accordingly, we vacate the summary judgment and remand for further

5

proceedings consistent with this opinion.  The cost of this appeal is assessed to the appellees.

_____
Herschel P. Franks, J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
William H. Inman, Sr.J.

6