## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

January 10, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

ANDREW FAHRNER,                    )
                                   )
                                   )
            Plaintiff/Appellee,    )    DeKalb Circuit  No. 7620
                                   )
VS.                                )    Appeal No. M1999-00021-COA-R3-CV
                                   )
SW MANUFACTURING, INC.,            )
                                   )
                                   )
            Defendant/Appellant.   )


APPEAL FROM THE CIRCUIT COURT OF DEKALB COUNTY
AT SMITHVILLE, TENNESSEE
THE HONORABLE JOHN TURNBULL, JUDGE


**DAVID B. KESLER**
**STACIE L. CARAWAY**
**MILLER & MARTIN, LLP**
Chattanooga, Tennessee
Attorney for Appellant


**SUE N. PUCKETT-JERNIGAN**
**TECIA PUCKETT PRYOR**
Smithville, Tennessee
Attorney for Appellee


**REVERSED**


                                        **ALAN E. HIGHERS, J.**


**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**DAVID R. FARMER, J.**

SW Manufacturing appeals from the trial court's refusal to grant a judgment on the pleadings based on Fahrner's failure to file his complaint within the statute of limitations. The trial court accepted Fahrner's argument that the discovery rule should be extended to include retaliatory discharge and discrimination claims. For the following reasons, we reverse the trial court and order that SW Manufacturing's motion for judgment on the pleadings be granted.

**Facts and Procedural History**

This appeal arises from a retaliatory discharge and employment discrimination case filed by Fahrner in December 1998. SW Manufacturing moved for judgment on the pleadings based on Fahrner's failure to file within the applicable statute of limitations. The court refused to grant the motion, in effect holding that the discovery rule should be extended to retaliatory discharge and employment discrimination cases. As a result, SW Manufacturing filed this interlocutory appeal.

Fahrner was employed by SW Manufacturing from February 1995 until November 1997. While employed at SW Manufacturing, Fahrner injured his right shoulder and required medical treatment that was paid for by his employer. This incident occurred during the fall of 1997. Later that year, on November 21, 1997, Fahrner was discharged as part of a plant lay-off.[1] At the time of his termination, Fahrner was told that his discharge resulted from "lack of work."

After learning that some other discharged employees had received severance packages, Fahrner contacted an attorney in January 1998. At that time, Fahrner told his attorney that he had been discharged in December of 1997, rather than November 1997. On March 3, 1998, Fahrner was told that he did not have a cause of action based on his failure to receive a severance package. However, his attorney did advise him that SW Manufacturing may have retaliated against employees with a history of worker's

---

[1]In Fahrner's original complaint, he alleged December 18, 1997 as the date of his termination. The complaint was later revised to reflect the correct date of November 21, 1997.

2

compensation claims. Fahrner then told his counsel that he had suffered a work-related injury and was wearing a brace at the time he was discharged. According to Fahrner, it was at this point that he first became aware that he might have a retaliatory discharge cause of action.

On December 1, 1998, Fahrner filed suit against SW Manufacturing in DeKalb County Circuit Court. In his complaint, Fahrner alleged retaliatory discharge and discrimination under the Tennessee Handicapped Employment Act, Tennessee Code Annotated § 8-50-103.[2] The complaint incorrectly listed December 18, 1997 as the date of Fahrner's termination by SW Manufacturing. This suit was filed one year and nine days after Fahrner was discharged by SW Manufacturing.

SW Manufacturing filed an answer asserting that the termination of Fahrner actually occurred on November 21, 1997. The answer set out several affirmative defenses, including Fahrner's failure to comply with the statute of limitations. This argument was reurged in a motion for judgment on the pleadings filed by SW Manufacturing in February requesting that the court dismiss Fahrner's complaint for failure to file within one year of his termination. (R. at 9; 11) See Rule 12.03 Tenn. R. Civ. P.

Subsequently, Fahrner filed a motion to amend and a corrected motion to amend. These amendments and a memorandum opposing SW Manufacturing's motion stated that Fahrner was not aware of his cause of action until March 1998. Fahrner asserted that the discovery doctrine was applicable to retaliatory discharge and discrimination claims, and accordingly that the statute of limitations did not begin running until he actually became

---

[2]Tenn. Code Ann. § 8-50-103. Handicapped persons; employment discrimination; penalty; complaint procedures

(a) There shall be no discrimination in the hiring, firing and other terms and conditions of employment of the state of Tennessee or any department, agency, institution or political subdivision of the state, or of any private employer, against any applicant for employment based solely upon any physical, mental or visual handicap of the applicant, unless such handicap to some degree prevents the applicant from performing the duties required by the employment sought or impairs the performance of the work involved. Furthermore, no blind person shall be discriminated against in any such employment practices because such person uses a guide dog. A violation of this subsection is a Class C misdemeanor.

(b)(1) Any person claiming to be aggrieved by a discriminatory practice prohibited by this section may file with the Tennessee human rights commission a written sworn complaint stating that a discriminatory practice has been committed, setting forth the facts sufficient to enable the commission to identify the persons charged.

(2) Upon receipt of such complaint, the commission shall follow the procedure and exercise the powers and duties provided in §§ 4-21-302 -- 4-21-311, and the person shall have all rights provided therein.

aware of his cause of action in March 1998.

After oral argument, the trial court denied SW Manufacturing's motion for judgment on the pleadings. The trial court found that there was a genuine issue of material fact regarding when Fahrner discovered or in the exercise of reasonable care and diligence should have discovered the alleged retaliatory motive behind his discharge. The effect of this finding was to imply that the discovery rule should be expanded to include retaliatory discharge and discrimination claims.

SW Manufacturing's request for an interlocutory appeal of the trial court's decision was granted by the trial court and this court. On appeal, SW Manufacturing alleges that the trial court erred by denying the motion for judgment on the pleadings, even though Fahrner's complaint was filed more than one year after the date on which he first received notice of the termination of his employment. Fahrner asserts that he did not receive notice of the reason for his termination until March 1998, and therefore his complaint was timely filed due to application of the discovery doctrine.

**Analysis**

The question before the court is solely a question of law, accordingly the standard of review is *de novo*. The pivotal point in this case is whether or not the discovery rule should be extended to retaliatory discharge and discrimination cases. We find no support for Fahrner's argument that the discovery rule should be so extended. Therefore, for the following reasons we reverse the trial court's refusal to grant SW Manufacturing's motion for judgment on the pleadings.

In general, the function of a statute of limitations is to afford plaintiffs a reasonable time to present their claims while protecting both defendants and the courts from stale cases "where the search for the truth and justice may be seriously impeded by the death or disappearance of witnesses, fading memories, disappearance of documents or other loss of material evidence." Wyatt v. A-Best, Co., Inc., 910 S.W.2d 851, 855 (Tenn. 1995) (citing

4

Spence v. Miles Laboratories, Inc., 810 F.Supp. 952, 963 (E.D. Tenn.1992)). In addition, the statute of limitations puts defendants on notice to preserve their evidence. Gamble v. Hospital Corp. of America, 676 S.W.2d 340, 343 (Tenn. Ct. App. 1984). Accordingly, while a prerequisite to the running of the statute of limitations is plaintiff's reasonable knowledge of the injury, its cause and origin, a plaintiff is not entitled to delay filing until all injurious effects or consequences of the actionable wrong are actually known. See Chambers v. Dillow, 713 S.W.2d 896, 898 (Tenn.1986); Security Bank & Trust Co. v. Fabricating, Inc., 673 S.W.2d 860, 864-65 (Tenn.1983); Taylor v. Clayton Mobile Homes, Inc., 516 S.W.2d 72, 74-75 (Tenn.1974); Bennett v. Hardison, 746 S.W.2d 713, 714 (Tenn. Ct. App.1987), perm. to appeal denied (Tenn.1988); National Mortg. Co. v. Washington, 744 S.W.2d 574, 579 (Tenn. Ct. App.) perm to appeal denied (Tenn.1987). Allowing such a delay would conflict with the purpose of avoiding uncertainties and burdens inherent in pursuing and defending stale claims. Teeters v. Currey, 518 S.W.2d at 515 (Tenn. 1974); Terry v. Niblack, 979 S.W.2d 583, at 586 (Tenn. 1998).

In this case, the statute of limitations for a retaliatory discharge and termination case is limited to one year. Both claims are tort actions governed by the general tort statute of limitations which requires that a lawsuit be "commenced within one (1) year after the cause of action accrued...." See Tenn. Code Ann. § 28-3-104 (1980 Repl. and Supp.1996); Headrick v. Union Carbide Corp., 825 S.W.2d 424 (Tenn. Ct. App.1991); Van Cleave v. McKee Baking Co., 712 S.W.2d 94 (Tenn. 1986). Fahrner clearly did not file his claim until after the expiration of the one year statute of limitations.

Fahrner's argument that his cause of action did not accrue until his attorney advised him in March 1998 directly contravenes well established case law. As the Tennessee Supreme Court reiterated in Weber v. Moses, "a discriminatory termination ceases and is complete, when the plaintiff is given unequivocal notice of the employer's termination decision, even if employment does not cease until a designated date in the future." Weber v. Moses, 938 S.W.2d 387, at 391-392 (Tenn. 1996); see also, Shell v. State, 893 S.W.2d 416, 422 (Tenn.1995) (an action for the negligent deprivation of a constitutional right

5

accrues at the time of the alleged wrongful conduct, not when the results of the wrongful conduct cease to have an effect on the plaintiff); Webster v. Tennessee Board of Regents, 902 S.W.2d 412 (Tenn. Ct. App.1995)(one-year limitations period began to run when university administrator was given notice that he would be terminated from his employment, rather than the date on which the administrator's contract for services ended); Janikowski v. Bendix Corp., 823 F.2d 945, 947 (6th Cir.1987)(a plaintiff's cause of action accrues when he receives a notice of termination, not when his employment actually ceases); Price v. Litton Business Sys., Inc., 694 F.2d 963 (4th Cir. 1982)(plaintiff's claim began to run when he was told he would be relieved of his position rather than when he finally left the company).

The effect of these cases is to trigger the statute of limitations when the employee is given notice of his termination, even if the actual termination does not occur at that time. While these cases do not directly address the circumstances in this case, we find the outcome analogous. Fahrner's cause of action for retaliatory discharge and discrimination accrued when he was given notice of his termination in November 1997. His failure to file within the statute of limitations can be attributed both to his failure to provide his attorney with correct information and the attorney's failure to verify Fahrner's information before filing the complaint. We find no reason or legal basis for allowing Fahrner to use the discovery rule in this case to circumvent his own error. Accordingly, the trial court erred in failing to grant SW Manufacturing's motion for judgment on the pleadings.

**Conclusion**

Based upon the foregoing, the trial court is reversed and SW Manufacturing's motion for judgment on the pleadings is granted. Costs of the appeal are assessed to the appellee, Fahrner, for which execution may issue if necessary.

_____

HIGHERS, J.


CONCUR:


_____

CRAWFORD, P.J., W.S.


_____

FARMER, J.

7