IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 21, 2003 Session

## CLARENCE "AL" MATZ and wife, JOANN L. MATZ, v. QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., D/B/A SMITH KLINE BEECHAM CLINICAL LABORATORIES, ASSOCIATED PATHOLOGISTS, PLC., ESTELLE E. MAY, M.D., and JARVIS LELAND HUGHES, M.D.

**Direct Appeal from the Circuit Court for Knox County**
**No. 3-247-01     Hon. Wheeler A. Rosenbalm, Circuit Judge**

**FILED OCTOBER 22, 2003**

**No. E2003-00167-COA-R3-CV**

Defendants granted summary judgment in medical malpractice action on grounds the statute of limitation had run.  On appeal, we vacate and remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded.**

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., joined and HOUSTON M. GODDARD, P.J., did not participate.

John H. Cocke, Clarksdale MS, for Appellants.

Wynne C. Hall, Knoxville, Tennessee, for Appellees, Estelle E. May, M.D., and Associated Pathologists, PLC.

**OPINION**

In this medical malpractice action, the Trial Court granted defendants summary judgment on the grounds that Plaintiffs "knew or should have known of their cause of action more

than one year before the Complaint was filed" and that their claims were thus barred by the statute of limitations. Plaintiffs have appealed.

Plaintiffs' Complaint was filed on April 18, 2001, and plaintiffs alleged that Matz had a bleeding lesion on his head, and went to see Dr. Hughes in April of 1999 regarding the problem. The Complaint further alleged that Dr. Hughes took a biopsy which was sent to the defendant lab, where Dr. May examined the biopsy and did not find cancer. Further, that Dr. May suggested a follow up biopsy, which Dr. Hughes performed on April 19, 1999, and sent the biopsy to Associated Pathology, where it was again reviewed by Dr. May, and that Dr. May failed to recognize and diagnose melanoma. Plaintiffs alleged that because of the negligence of defendants, Matz' cancer was not diagnosed until April 26, 2000, when the tumor recurred and was diagnosed as melanoma, and that Matz now had a lesser chance of survival than he would have had if the cancer had been diagnosed earlier.

Defendants May and Associated Pathology filed a summary judgment motion, alleging that plaintiffs failed to file their Complaint within the one year statute of limitations, and asserted that Matz testified in his deposition that he thought he had cancer, and that it had just not been diagnosed. Ms. Matz testified in her deposition that her husband was certain he had cancer all along and that they had just failed to diagnose it. Thus, defendants argued that the suit was not timely filed, because Matz had a subjective belief that he had cancer for some time before it was actually diagnosed, and the Trial Court agreed and granted judgment to defendants.

Our standard of review in summary judgment cases is as follows:

The standards governing an appellate court's review of a trial court's action on a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the trial court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. Tenn. R. Civ. P. 56.03 provides that summary judgment is only appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. The moving party has the burden of proving that its motion satisfies these requirements.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. Courts should grant a summary judgment only when both the facts and the conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion.

*Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

This is a medical malpractice case and, as such, is subject to the one year statute of limitations. Tenn. Code Ann. §29-26-116. Thus, the issue is when the limitation period began to run.

Plaintiffs' argue they did not know that the first biopsy in 1999 showed cancer until the slides were later reviewed by Dr. Googe and he rendered his report on April 26, 2000. Plaintiffs assert that their Complaint was timely filed because it was filed on April 18, 2001. Defendants argue the Complaint was not timely because. Matz testified that he "knew" all along that he had cancer, even before it was diagnosed, and Matz was told that the last biopsy showed cancer no later than April 13, 2000, and that biopsy was taken from the same spot as the earlier ones.

This Court in *Green v. Sacks*, 56 S.W.3d 513, 522 (Tenn. Ct. App. 2001) has explained:

In 1974, the Tennessee Supreme Court adopted the discovery rule for determining when the statute of limitations begins to run in medical malpractice actions. Teeters v. Currey, 518 S.W.2d 512, 515 (Tenn.1974). The Tennessee General Assembly later codified the discovery rule in the Medical Malpractice Review Board and Claims Act in 1975, and the rule can now be found in Tenn. Code Ann. § 29-26-116(a)(2). The purpose of the rule is to "alleviate the intolerable result" of barring a patient's medical malpractice claim before the patient knows or should have known that the claim exists. Foster v. Harris, 633 S.W.2d 304, 305 (Tenn.1982).

Under the discovery rule, the medical malpractice statute of limitations begins to run when the patient discovers, or reasonably should have discovered (1) the occasion, the manner, and the means by which a breach of duty that caused his or her injuries occurred and (2) the identity of the person who caused the injury. Stanbury v. Bacardi, 953 S.W.2d 671, 677 (Tenn.1997); Roe v. Jefferson, 875 S.W.2d 653, 656 (Tenn.1994); Foster v. Harris, 633 S.W.2d at 305. However, the discovery rule does not permit a patient to delay filing suit until he or she becomes aware of all the injurious consequences of the alleged negligence. Shadrick v. Coker, 963 S.W.2d at 733. Thus, the statute of limitations will begin running when the patient becomes aware of facts that would put a reasonable person on notice that he or she has sustained an injury as a result of a tortious act of a health care provider.

In considering the Medical Malpractice Claims Act of 1975 (codified at Tenn. Code Ann. §29-26-116) our Supreme Court said:

"the legislature exercised its constitutional prerogative to balance competing public policy interests so as to constrain application of the discovery rule by adopting a three-year ceiling, but, at the same time, preserve the salutary aspects of *Teeters* which allowed an innocent plaintiff ample time to bring suit." *Hoffman v. Hospital*

*Affiliates, Inc.*, 652 S.W.2d 341 (Tenn. 1983).

Thus, the discovery rule tolls the statute of limitations until the plaintiff knows, or reasonably should know, that he has been injured and by whom. Defendants counter that plaintiffs' suit was untimely because Matz testified he "knew all along" that the place on his head was cancer.

Matz' subjective belief or fear, however, had no factual basis, because the doctors' findings were that no cancer was present. Our discovery rule requires that the plaintiff be aware of "facts sufficient" to put a reasonable person on notice that he or she has suffered an injury as a result of the defendant's wrongful conduct." *Shadrick v. Coker*, 963 S.W.2d 726, 733 (Tenn. 1998); *Roe v. Jefferson*, 875 S.W.2d 653, 657 (Tenn. 1994). The discovery rule requires that a plaintiff know "the occasion, the manner, and the means by which a breach of duty that caused his or her injuries occurred." *Stanbury v. Bacardi*, 953 S.W.2d 671, 677 (Tenn. 1997); *Roe*.

Here, the facts are that Matz "knew all along" that a lesion was removed and found to be non-cancerous. Matz later became aware that another lesion appeared that was found to be cancerous, but still at that point he had no factual basis for believing that the cancer was there "all along." Matz had no factual knowledge of the "occasion, manner, and means" by which defendants breached the duty that caused him harm. Moreover, Matz did not know and could not reasonably know that he had been harmed until April 26, 2000. It was not until he received the report from Dr. Googe on April 26, 2000, that he knew or had a factual basis for believing the cancer had been present in the first slides, and had been missed by Dr. May. His own doctor, Dr. Hughes, testified that he did not suspect that cancer had been present earlier and had been missed until after this report came out.

In "latent injury" malpractice cases, which require expert testimony to establish,[1] our Court has recognized that a plaintiff has actual knowledge of an injury where there has been expert opinion given of such injury, i.e. where the defendant admitted malpractice, or another expert opined that there was malpractice. *See Wilkins v. Dodson, Parker, et al.*, 995 S.W.2d 575 (Tenn. Ct. App. 1998); *see also Roe*.

In this case, Matz' injury is not the diagnosis of cancer, rather, it is the fact that it was missed by Dr. May in 1999 and allowed to progress until April 26, 2000. *See, e.g.*, *Johnson v. Mullee*, 385 So.2d 1038 (Fla. Dist. Ct. App. 1980)(breast cancer missed on first examination, but found after second exam and biopsy - evidence of metastasis found two years later. Court said no discovery of injury until evidence of metastasis was discovered. The spread of the cancer, not the cancer, was the injury.)

Other courts have rejected defendants' position. The Louisiana Supreme Court has recognized that "mere apprehension by plaintiff that something is wrong is not sufficient to start prescription unless plaintiff knew or reasonably should have known by exercising reasonable

---

[1] *See* Tenn. Code Ann. §29-26-115.

diligence that his problem condition may have been caused by acts of malpractice." *Gunter v. Plauche*, 439 So.2d 437 (La. 1983). *Also see Duncan v. Spivak*, 114 Cal. Rptr. 2d 166 (Cal. Ct. App. 2001).

We cannot say as a matter of law that plaintiff had actual knowledge of cancer when he had no factual basis for the same and was actually advised that nothing was wrong. But, we also must examine whether plaintiff acted reasonably given the facts which he did possess, or whether these facts should have given him constructive knowledge that he had been injured. Generally, the question of whether a plaintiff should have discovered his injury earlier based on the facts known to him is a question of fact which must be determined by a jury. *McClellan v. Stanley*, 978 S.W.2d 943 (Tenn. Ct. App. 1998). *Also see Chidester v. Elliston*, 1997 WL 71932 (Tenn. Ct. App. Feb. 20, 1997); *Green v. Sacks*, 56 S.W.3d 513 (Tenn. Ct. App. 2001). This line of reasoning has been followed by other states, as well. *Duncan v. Spivak*, 114 Cal. Rptr. 2d 166 (Cal. Ct. App. 2001). In that case plaintiff had testified in his deposition that he had known for some time that something was wrong because he had such pain, but he did not know that the defendant had done anything wrong until the exploratory surgery revealed the source of his pain. In that case, plaintiff argued that there was an issue of fact regarding when he discovered his injury, and the California Court of Appeals agreed, and emphasized that plaintiff did not discover the facts essential to his claim until the later exploratory surgery, and that to hold otherwise would require a plaintiff to file suit with no objective proof of malpractice. That Court ruled it was a question of fact for the jury as to whether plaintiff's efforts to discover the facts were diligent. To the same effect, *see Lebrecht v. Tuli*, 473 N.E.2d 1322 (Ill. App. Ct. 1985) and *Janetis v. Christensen*, 558 N.E.2d 304 (Ill. App. Ct. 1990); and *Bradtke v. Reotutar*, 574 N.E.2d 110 (Ill. App. Ct. 1991). (The *Bradtke* Court recognized that it had previously refused to hold as a matter of law that a subjective belief of misdiagnosis, combined with worsening symptoms, triggered the patient's duty to investigate and concluded that the issue of when discovery occurred was a question of fact.)

The question of when Matz' injury was reasonably discoverable given Mr. Matz' knowledge and circumstances is a question of fact inappropriate for determination by summary judgment. As our Supreme Court has recognized, summary judgment is not the appropriate vehicle for resolving conflicting inferences reasonably drawn from the facts - rather, its purpose is to resolve controlling issues of law. *Bellamy v. Federal Express Corp.*, 749 S.W.2d 31 (Tenn. 1988). Whether Matz knew or reasonably should have known of his injury and its cause is not an issue of law, but of fact. Since the facts and inferences in this case support more than one reasonable conclusion, summary judgment was improperly granted. *Shadrick v. Coker*, 963 S.W.2d 726 (Tenn. 1998).

Defendants rely on the case of *Crawford v. Beatty*, 2003 WL 113122 (Tenn. Ct. App. Jan. 14, 2003), wherein the defendant physicians were granted summary judgment based on the statute of limitations. *Crawford* is distinguishable from the case at bar because the plaintiff in *Crawford* had an objectively verifiable basis for her knowledge, which she then tried to conceal. *Id.* Plaintiff in this case was forthright about his belief that he had cancer even though he was told otherwise, but he had no objective basis for this belief. Plaintiff also suffered mental problems for which he was hospitalized at around the time of the biopsy of the second lesion, which further

militates in favor of allowing his suit to go forward, because his subjective belief was obviously an irrational fear with no factual basis.

We vacate the summary judgment and remand to the Trial Court for determination of the fact finder when plaintiff reasonably could and should have discovered his injury and its cause.[2]

The cause is remanded, with the cost of the appeal assessed to defendants.

_____
HERSCHEL PICKENS FRANKS, J.

_____

[2]Defendants allege that the summary judgment was proper because plaintiff failed to properly respond to the statement of undisputed material facts pursuant to Tenn. R. Civ. P. 56. This issue was not raised at the Trial Court level and a review of the record demonstrates that plaintiff did, in fact, file a response to the statement, along with a brief and numerous exhibits which set forth plaintiff's position.