IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 22, 2004 Session

## ALLIE JANE COLLINS and husband, CLE COLLINS, v. DANA EDWARDS, M.D., and ROBERT HUNT, M.D.

**Direct Appeal from the Circuit Court for Hamblen County**
**No. 98CV377      Hon. Kindall Lawson, Circuit Judge**

**MAY 10, 2004**

**No. E2003-01508-COA-R3-CV**

The Trial Judge dismissed this medical malpractice action on the ground that the statute of limitations had run. On appeal, we vacate and remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded.**

HERSCHEL PICKENS FRANKS, P.J. (E.S.) delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Timothy M. Pierce, Knoxville, Tennessee, for Appellants.

Jeffrey M. Ward, Greeneville, Tennessee, for Appellee, Dana Edwards, M.D.

Ronald L. Grimm, Knoxville, Tennessee, for Appellee, Robert Hunt, M.D.

### OPINION

In this medical malpractice action filed on November 24, 1998, plaintiff's Complaint alleged that defendant Dana P. Edwards surgically removed her entire colon on October 15, 1996 and that defendants' "are guilty of fraudulent concealment which tolled the statute of limitations." She further alleged that she first discovered that her healthy colon had been removed on June 16, 1998 and that Dr. Edwards intentionally failed to advise her of the actual condition of her colon and "conspired to fraudulently hide" from her and her family that her colon was removed unnecessarily.

In response to the Complaint, defendants filed a Motion for Summary Judgment on the grounds that this medical malpractice action was barred on the ground the statute of limitatiosn had run. (Tennessee Code Annotated § 29-26-115.)

The record establishes that following the surgery on October 15, 1996, Plaintiff was hospitalized for two weeks. At a post-op follow-up in December 1996, she told Dr. Edwards that she continued to have the same type of pain in her abdomen that she experienced before the surgery. He responded that it would take time for the healing and there could still be post-operative changes taking place in the muscle. Plaintiff testified that her post-operative pain associated with the surgical site and incision was resolved within 60 to 90 days, but she continued to experience no improvement in her pain experienced pre-surgery. In January of 1997, Dr. Edwards referred her to an orthopedic surgeon with reference to her continuing complaint.

Dr. Edwards testified that he was unable to determine the cause of plaintiff's continued pain, and came to view it as a chronic pain syndrome of uncertain etiology. He discontinued seeing plaintiff in January, 1997,because, as the plaintiff explained, "he told me they didn't take Access Med Plus no more".

Plaintiff testified that on June 16, 1998, she received a telephone call from Dr. Michael Wiseman, a gastroenterologist that she had seen in times past. Dr. Wiseman informed her that according to the pathology report on the removed colon there was no evidence of ulcerative colitis or any other significant pathology, and that her colon in fact had been entirely normal and healthy and that defendants were keeping this "hid" from her.[1]

The Trial Court granted summary judgment to Defendant doctors, on the ground the statute of limitations had run on plaintiffs' claims. The Court found that plaintiff's continued pain put her on notice of her claim. It is clear from the Trial Court's comments at the time of ruling, that he did not consider plaintiff's claim of fraudulent concealment.

Tenn. R. Civ. P. 56.03 provides that summary judgment is appropriate where (1) there is no genuine issue of material fact relevant to the claim or defense contained in the motion, *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *Anderson v. Standard Register Co.,* 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that it has satisfied the requirements of Rule 56.03. *Downen v. Allstate Ins. Co.,*, 811 S.W.2d 523, 524 (Tenn. 1991). Summary judgment should be granted only when the facts and conclusions drawn from the facts permit a reasonable person to reach only one conclusion, that the movant is entitled to judgment as a matter of law.

---

[1]This testimony by plaintiff was filed along with defendants' Motion for Summary Judgment by defendants, and is relevant on the issue of when the plaintiff was first put on notice of her cause of action. *Peggy Baily, et al., v. Dr. John J. Tasker,* No. C34264(M) filed March 17, 2004 (Tenn. Ct. App., Eastern Section.)

*Wilson v. Mathes*, 15 S.W.3d 865 (Tenn. Ct. App. 1999).

Medical malpractice actions are governed by the Medical Malpractice Review Board and Claims Act of 1975. Tenn. Code Ann. § 29-26-115, *et seq.* The Act codifies the common law "discovery rule" and provides that the statute of limitations on a medical malpractice claim does not begin to run until the plaintiff discovers, or reasonably should have discovered that he or she had been injured as a result of wrongful conduct of another. Tenn. Code Ann. § 29-16-116(a)(2). *Teeters v. Currey*, 518 S.W.2d 512, 513 (Tenn. 1974). The discovery rule does not permit the claimant to delay filing suit until all the injurious consequences of the alleged wrongdoing are known to him or her. *Shadrick v. Coker*, 963 S.W.2d 726, 733 (Tenn. 1998); *Foster v. Harris*, 633 S.W.2d 304, 305 (Tenn. 1982).

Plaintiff in her deposition said that Dr. Edwards "guaranteed her" no pain if she permitted him to remove her colon, by saying "I guarantee you no pain". In this regard defendants argued before the Trial Court and this Court that because Ms. Collins showed no improvement in her condition following surgery, continued to experience pain, and suspected very early that the surgery was unsuccessful especially given her belief that she received a "guarantee" of a successful outcome, a duty was imposed upon her to investigate her problem under a suspicion of malpractice.[2]

Significantly, plaintiff did not sue in contract on the doctor's "guarantee", but rather the gravamen of her action is for fraudulently concealing the removal of a healthy colon. The Supreme Court in *Shadrick v. Coker*, 963 S.W.2d 726, 734-35 (Tenn. 1998) addressed the elements of a fraudulent concealment claim and said:

> . . . [a] plaintiff in a lack of informed consent case (or any other medical malpractice case) attempting to toll the statute of repose contained in T.C.A. 29-26-116(a)(3) by relying upon the fraudulent concealment exception to the statute must establish that (1) the health care provider took affirmative action to conceal the wrongdoing or remained silent and failed to disclose material facts despite a duty to do so, (2) the plaintiff could not have discovered the wrong despite exercising reasonable care and diligence, (3) the healthcare provider knew of the facts giving rise to the cause of action and, (4) a concealment, which may consist of the defendant withholding material information, making use of some device to mislead the plaintiff, or simply remaining silent and failing to disclose material facts when there was a duty to speak.

*Shadrick,* 963 S.W.2d 736.

Taking the strongest legitimate view of the evidence in plaintiff's favor, the record establishes by expert testimony that defendant had a duty to advise plaintiff of the condition of her

---

[2]Dr. Edwards' entire deposition was not filed for purposes of his summary judgment motion, but the record indicates that he denies giving her a "guarantee".

colon after it was removed, and failed to do so. The issue becomes whether or not the plaintiff should have discovered the wrong, or whether the plaintiff could not have discovered the wrong despite exercising reasonable care and diligence. In this regard, Judge Farmer writing for this Court in *Jacobs v. Singh*, 2002 WL 27821 (Tenn. Ct. App. 1998) said:

> "The statute of limitations begin to run when the plaintiff is "aware of the facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct", and the plaintiff knows the identity of the person who engaged in that conduct. *Roe v. Jefferson*, 875 S.W.2d 653 (Tenn. 1994). This requires not only that the plaintiff be aware of the injury, but also that he be aware that the injury was caused by the wrongful act. *McClellan v. Stanley*, 978 S.W.2d 943, 945 (Tenn. Ct. App. 1998). The determination becomes one of when the patient had "sufficient information" to put him on notice that he had suffered an injury and that the injury was caused by a wrongful act. *Roe at 658.*. The standard has evolved in light of the unique nature of the patient-physician relationship, which must be based on trust and confidence, as the patient pursues his physician's recommended course of treatment. *See McClellen*, 978 S.W.2d at 945. The determination of when a reasonable person should know that his injury was caused by some wrongful or negligent act is generally a question of fact for the trier of fact. *See e.g., Id.*

In *Jacobs* plaintiff's complaints had been that "she felt her pain had not been alleviated, but that she felt worse than before surgery". The Court went on to hold that the question of whether Ms. Jacobs should have suspected deficiency of surgery was not susceptible to only one conclusion and therefore the issue of whether the statute had run was for the trier of fact.

Contrary to defendants' position, Ms. Collins claimed injury is not the negligent failure to alleviate pain. Simply put, it is the needless removal of a normal healthy colon. The pivotal question is what is the earliest point that Ms. Collins was aware or should have been aware that a healthy organ had been excised. From that perspective, it is apparent that her pain would not provide any indication that the doctor had allegedly withheld information from her regarding the condition of her colon, once removed. She only became aware of the pathology report by unsolicited information received on June 16, 1998.

Defendants presented no evidence that plaintiff had knowledge or notice of either the existence of an injury that was connected to and caused by defendants' wrongful conduct prior to June 16, 1998. Even if no medical errors had occurred over the course of her treatment, Ms. Collins could still have had a bad surgical outcome. Not every surgical result is successful, but that does not necessarily indicate malpractice. Moreover, finders of fact cannot infer negligence simply from a bad result. *See e.g., Johnson v. Lawrence,* 720 S.W.2d 50, 56 (Tenn. Ct. App. 1986); *Redwood v. Rasking*, 350 S.W.2d 414, 417 (Tenn. Ct. App. 1961). As in *Jacobs*, Ms. Collins did not know she had been injured.

We conclude this is a proper case for a jury to determine whether the statute of

limitations bars her claim and falls within the general rule that the issue of when a plaintiff reasonably should have discovered his or her injury based on facts in his or her possession is a question of fact for a jury. *McLellan v. Stanley*, 978 S.W.2d 943 (Tenn. Ct. App. 1998); *Chidester v. Elliston*, 1997 WL 71932 (Tenn. Ct. App. 1997); *Green v. Sacks*, 56 S.W.3d 513 (Tenn. Ct. App. 2001). *See also, Sullivant v. Americana Homes, Inc.,* 605 S.W.2d 246, 249 (Tenn. Ct. App. 1980); *McCroskey v. Bryant Air Conditioning Co.,* 524 S.W.2d 487, 493 (Tenn. 1975).

Accordingly, we vacate the Judgment of the Trial Court and remand for further proceedings consistent with this Opinion. The cost of the appeal is assessed to the defendants.

_____
Herschel Pickens Franks, J.